**Estella K. ASH, Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant.**

**No. CV 85–5799–JWC.**

United States District Court,
C.D. California.

April 23, 1987.

## ORDER DECLARING MISTRIAL

CURTIS, District Judge.

After several days of trial, it has become apparent to me that this case is being tried within parameters so limited that a fair verdict is not possible.

The plaintiff is suing Safeco on an all risk policy covering her property on the Big Rock Mesa slide to recover for damages done to her property as a result of the landslide in 1983.

Although Safeco's policy purports to cover all risks, it excludes damages resulting from earthquake, landslides and other earth movement. Plaintiff sues, however, for damages caused to her property by the massive slide of 1983 which she claims resulted from the negligent conduct of third persons, for which the policy does in fact provide liability.

The Big Rock landslide area has a long history of instability. Nevertheless, the experts believe that prior to the 1983 slide it had a normal stability factor of 1.3 to 1.5.

At the time plaintiff filed her notice of loss, a study of the 1983 landslide had been undertaken, and it had been determined that it was caused by the City of Los Angeles having permitted private dwellings to be built upon this area with the installation of cesspools which saturated the area with underground water, loosening the slide material and causing the damage of which plaintiff complains. As a result of the study it was determined that a dewatering process should be undertaken to stabilize the land.

In May 1984, plaintiff gave notice of loss and demanded that she be paid policy limits. In August of 1985, she filed this action, and in July of 1986, she obtained a summary judgment requiring the defendant to pay the sum of $137,500.00, the full policy limit upon the theory that both plaintiff's house and land under it had been damaged as a result of the slide, and although the defendant had already paid the cost of the repair of the house, it still owed the cost of stabilizing the land under the house which would require a total expenditure in excess of the policy limits.

Therefore, the principal issue before this court at the commencement of the trial was simply, did the defendant violate the implied covenant of good faith and fair dealing by delaying paying the full policy limits.

During the trial, the defendant produced expert testimony to the effect that the land had been stabilized as a result of the dewatering process, and that it had been returned to a factor of 1.3 to 1.5, the same degree of stability which the property had prior to the 1983 slide, and that the cost of repairing the underlying land beneath the house could be performed for a cost of approximately $12,000.00.

Although there is evidence to the contrary, it now appears that there is a substantial question of fact which has not been litigated i.e., was the defendant's withholding payment for damage to the underlying land justified in the light of the circumstances. This being so, the summary judgment appears to have been improvidently rendered. Since it is too late to inject the issue into the present trial, the jury having been informed on several occasions of the existence of the summary judgment, I am of the view that the court should *sua sponte* declare a mistrial, vacate the summary judgment, and order a new trial in which this issue can be addressed. As a consequence of the foregoing, I do declare a mistrial, and

IT IS HEREBY ORDERED that the summary judgment entered October 23, 1986 be vacated and the cause set for trial at the convenience of the court and the parties.